# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 18-MJ-2027DPR** |
| **MARQUELL D. WASHINGTON**, | |
| Defendant. | |

## MOTION OF THE UNITED STATES FOR
## PRETRIAL DETENTION PURSUANT TO 18 U.S.C. § 3142(f)(2)

Comes now the United States of America, by Timothy A. Garrison, United States Attorney, and the undersigned Special Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain the defendant without bail pending trial of this matter and to hold a hearing pursuant to 18 U.S.C. § 3142(f)(2) for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community. As grounds for the motion, the United States submits that the defendant poses a danger to the community and is a flight risk.

## SUPPORTING SUGGESTIONS

The defendant is charged by complaint with conspiracy to distribute marihuana. Title 18, United States Code, Section 3142(f)(2) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the safety of any other person in the community if the attorney for the Government moves for such a hearing. This provision further states that at such a hearing, the rules concerning the

admissibility of evidence do not apply, and the Court must be persuaded with facts of a clear and convincing nature that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."

A defendant cannot be detained as either unlikely to appear or dangerous under Section 3142(e) unless a finding is made that no release conditions "*will* reasonably assure" the appearance of the person or the safety of the community. (Emphasis added). "The ultimate determination that the magistrate and then, if requested, the district judge is required to make-whether it is reasonably certain that the defendant will show up for trial if admitted to bail (and whether, even if so, he can be left at large without endangering the safety of any other person, *see* 18 U.S.C. §§ 3142(e)-(g); *United States v. Daniels,* 772 F.2d 382 (7th Cir.1985)) is inherently judgmental. It depends both on personal observation of the defendant and on a weighing of the daunting list of factors in section 3142(g)." *United States v. Diaz*, 777 F.2d 1236, 1237-38 (7th Cir. 1985).

Concerning a finding of future dangerousness to the community, such a finding can be based on evidence that the defendant has been a danger in the past, if his past conduct suggests the likelihood of future misconduct. *United States v. Dominguez*, 783 F.2d 702, 707-08 (7th Cir. 1986). Danger to the community does not only refer to physical violence, but can apply to any likely conduct that will hurt the community, including the potential of continued criminal activity. *United States v. Tortora,* 922 F.2d 880 (1st Cir.1990).

Title 18, United States Code, Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will reasonably assure the safety of the community. These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the

defendant, including his criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release.  18, U.S.C. § 3142(g); *Tortora,* 922 F.2d at 885-86.  The Court need not guarantee that community safety will not suffer by the release of the defendant, only that the safety of the community can be reasonably assured through court supervision while on release.  *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir.1985).

There is a serious risk that the defendant is a future danger to the community based on his criminal history and indications that he will continue his criminal activity if released.  The defendant has convictions for marijuana possession and cocaine sale.

In reference to the complaint here, on May 4, 2018, the defendant was arrested after he arrived at a location in Greene County, Missouri, to purchase drugs from co-defendant Whisenton.  Washington admitted he was there to purchase marihuana, but denied he was there to purchase the ecstasy that Whisenton had brought.  Whisenton said that all of the drugs were destined for Washington.

## **CONCLUSION**

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail because no combination of conditions can reasonably assure the safety of the community and the appearance of the defendant.

                Respectfully submitted,

                TIMOTHY A. GARRISON
                United States Attorney

By    /s/ *Josephine M. Larison*
       Josephine M. Larison, Mo. Bar #63956
       Special Assistant United States Attorney
       901 St. Louis Street, Suite 500
       Springfield, Missouri 65806-2511

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case, and I hereby certify that I have mailed by United States Postal Service the foregoing documents to all non-CM/ECF participants in this case.

*/s/ Josephine M. Larison*
Josephine M. Larison
Special Assistant United States Attorney